UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
FILED

MAY 0 4 2005

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-CV-360-KKC

MARK T. GRAIKA                                                          PETITIONER

VS:                      **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA                                               RESPONDENT

Mark T. Graika, an individual who was then confined at the Federal Correctional Institution in Manchester, Kentucky, filed the instant *pro se* proceeding wherein he seeks credits toward his federal sentence, his third such action[1]; and he paid the filing fee for a habeas corpus action. He is now incarcerated at the Federal Prison Camp in Duluth, Minnesota. His post-filing transfer to another district, however, does not defeat this Court's jurisdiction to entertain the petition. *Bishop v. Med. Superintendent of the Ionia State Hosp.*, 377 F.2d 467, 468 (6th Cir.1967); *accord McClure v. Hopper*, 577 F.2d 938, 939-40 (5th Cir.1978).

This matter is before the Court for screening. 28 U.S.C. §1915A; 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).[2]

---

[1] In his prior petitions, the petitioner also made claims about his entitlement to certain credits toward his sentence. He alleged therein, unsuccessfully, that the Bureau of Prisons was illegally refusing to give him pre-sentence credits for time spent in service of state sentences. *See Mark T. Graika v. Warden*, Lon. No. 03-CV-424-DCR; *Mark T. Graika v. Warden*, Lon. 04-CV-125-KKC.

[2] This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the Petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).

## CLAIMS

_____The petitioner claims that the trial court retaliated against him, for successfully having his 96-month sentence reduced to 52 months, by not crediting him with time he had served prior to the reduction.

## ALLEGATIONS IN THE PETITION

The petitioner again recounts that on October 29, 1999, in the United States District Court for the Eastern District of Wisconsin, he was sentenced to a term of 96 months' imprisonment in Case No. 99-CR-123-001 and 2 years in Case No. 99-CR-048-001, the latter term to run consecutively to the former.  On May 14, 2001, his first sentence was reduced from 96 months to 52 months, but the 52 months was ordered to run consecutively to a state court judgment of conviction, No. 99-CF-001993.  He attaches copies of the relevant judgments and the amended judgment.

The petitioner alleges that at the time his sentence was reduced, he had been incarcerated for 3 years.  Yet, upon the re-sentencing, the court "acted in a vindictive manner" by failing to credit him with the time served prior to the to the reduction.  "It is unconstitutional to withhold credit from the petitioner that he previously served prior to the 96 Months being reduced to 54 months."

The petitioner cites to Supreme Court decisions which purportedly support his claim that the trial court violated his rights under the U.S. Constitution's Fifth, Eighth, and Fourteenth Amendments.

## DISCUSSION

This Court will not reach the merits of the petitioner's constitutional claims, because it does not have jurisdiction to do so.

2

The petitioner asserts his entitlement to a Writ of Mandamus pursuant to 28 U.S.C. §1651, The All Writs Act, whose source is the Judiciary Act of 1793. It is not an independent grant of jurisdiction. Moreover, to obtain mandamus relief, an individual must have a clear right to the relief, the defendant has a duty to act on the issue in question, and no other remedy is available. *Banks v. Secretary of Ind. Family and Social Servs. Admin.*, 997 F.2d 231, 244-45 (7th Cir. 1993); *see also In re NLO, Inc.*, 5 F.3d 154, 155-56 (6th Cir. 1993). "The general principle which governs proceedings by mandamus is, that whatever can be done without the employment of that extraordinary writ, may not be done with it. It lies only when there is practically no other remedy." *In re NLO, Inc.*, 5 F.3d 154, 156 (6th Cir. 1993) (citing *Helstoski v. Meanor*, 442 U.S. 500, 505 (1979) and quoting *Ex parte Rowland*, 104 U.S. 604, 617 (1882)).

"[M]andamus is not to be used to reverse a decision made by a court in the exercise of legitimate jurisdiction." *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995) (citing *In re Aetna Cas. & Sur. Co.*, 919 F.2d 1136, 1140 (6th Cir. 1990) (en banc)). "Moreover, the petitioner has the burden of showing that its right to the issuance of the writ is 'clear and undisputable.'" *Id.* (quoting *Federal Deposit Ins. Corp. v. Ernst & Whinney*, 921 F.2d 83, 86 (6th Cir. 1990)).

The instant petitioner has not presented an extraordinary situation justifying mandamus relief under the afore-referenced law; *Ex parte Fahey, et al.*, 332 U.S. 258, 260 (1947); or the guidelines stated in *In re: Bendectin Products Liability Litigation*, 749 F.2d 200, 304 (6th Cir. 1984). The instant petitioner evidently did not preserve and appeal this issue in the normal course after re-sentencing, and he should not be able to litigate in what amounts to a collateral attack herein. Such would not only be inconsistent with prior appropriate use of the writ but would also reward the litigious petitioner for filing another cause of action and bypassing the appellate procedure.

3

Nor does this Court, presiding in the district of a prisoner's confinement, have jurisdiction to address the petitioner's claim under the habeas corpus statutes. The general rule is that 28 U.S.C. §2255 relates to conviction and imposition of sentence and such issues must be brought before the trial court. A petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 is to be brought in the district where a petitioner is incarcerated and may only challenge execution of sentence, such as the computation of parole or sentence credits. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979).

Because the instant petitioner's claims relate to the sentence imposed by the federal district court in the Eastern District of Wisconsin, they are not ordinarily a cognizable claim for this Court under 28 U.S.C. §2241. In highly exceptional circumstances, a federal prisoner may challenge his sentence before the district court in the district of his incarceration, based on certain language in the fifth paragraph of 28 U.S.C. §2255, commonly called the "savings clause." It provides that a district court may exercise jurisdiction over §2255 claims under 28 U.S.C. §2241 if the petitioner can establish that "the remedy by [§2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255; *Cohen v. United States*, 593 F.2d at 770-71.

The instant petitioner, however, has not alleged that he meets the "inadequate" or "ineffective" requirements of the savings clause. Nor has he met the standards therefor as stated by the appellate court in this circuit in *Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir. 1999) and *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

4

<u>CONCLUSION</u>

Accordingly, the Court being advised, **IT IS HEREBY ORDERED** that Petitioner Graika's

petition is **DENIED** and **DISMISSED**, *sua sponte*, and Judgment shall be entered

contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This the 4th day of May, 2005.

**Signed By:**

***Karen K. Caldwell***

**United States District Judge**

5